UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DESMOND M. WITHERSPOON, *pro se*,  :
:
        Plaintiff,  :
  -against-  :  **MEMORANDUM**
:  **AND ORDER**
U.S. DEPARTMENT OF EDUCATION,  :  15-CV-1879 (DLI) (LB)
:
        Defendant.  :
-------------------------------------------------------X
-------------------------------------------------------X
DESMOND M. WITHERSPOON, *pro se*,  :
:
        Plaintiff,  :
  -against-  :
:
U.S. POST OFFICE,  :  15-CV-1880 (DLI) (LB)
:
        Defendant.  :
-------------------------------------------------------X
-------------------------------------------------------X
DESMOND M. WITHERSPOON, *pro se*,  :
:
        Plaintiff,  :
  -against-  :
:
HOSPITAL FOR SPECIAL SURGERY,  :  15-CV-1881 (DLI) (LB)
:
        Defendant.  :
-------------------------------------------------------X
-------------------------------------------------------X
DESMOND M. WITHERSPOON, *pro se*,  :
:
        Plaintiff,  :
  -against-  :
:
ESPY CORP.  :  15-CV-1882 (DLI) (LB)
:
        Defendant.  :
-------------------------------------------------------X

```
------------------------------------------------------X
DESMOND M. WITHERSPOON, *pro se*,        :
                                         :
                Plaintiff,               :
        -against-                        :
                                         :
FINANCIAL RECOVERIES,                    :      15-CV-1883 (DLI) (LB)
                                         :
                Defendant.               :
------------------------------------------------------X
------------------------------------------------------X
DESMOND M. WITHERSPOON, *pro se*,        :
                                         :
                Plaintiff,               :
        -against-                        :
                                         :
COMMONWEALTH FINANCE                     :      15-CV-1884 (DLI) (LB)
NETWORK,                                 :
                                         :
                Defendant.               :
------------------------------------------------------X
------------------------------------------------------X
DESMOND M. WITHERSPOON, *pro se*,        :
                                         :
                Plaintiff,               :
        -against-                        :
                                         :
CRANE & CO.,                             :      15-CV-1885 (DLI) (LB)
                                         :
                Defendant.               :
------------------------------------------------------X
------------------------------------------------------X
DESMOND M. WITHERSPOON, *pro se*,        :
                                         :
                Plaintiff,               :
        -against-                        :
                                         :
SPINE HEALTH.COM,                        :      15-CV-1886 (DLI) (LB)
                                         :
                Defendant.               :
------------------------------------------------------X
```

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
DESMOND M. WITHERSPOON, pro se,           :
                                          :
              Plaintiff,                  :
     -against-                            :
                                          :
PRESTEK,                                  :         15-CV-1887 (DLI) (LB)
                                          :
              Defendant.                  :
------------------------------------------------------X
------------------------------------------------------X
DESMOND M. WITHERSPOON, pro se,           :
                                          :
              Plaintiff,                  :
     -against-                            :
                                          :
MAGNUM RESEARCH INC.,                     :         15-CV-1888 (DLI) (LB)
                                          :
              Defendant.                  :
------------------------------------------------------X
------------------------------------------------------X
DESMOND M. WITHERSPOON, pro se,           :
                                          :
              Plaintiff,                  :
     -against-                            :
                                          :
BOSLEY,                                   :         15-CV-1889 (DLI) (LB)
                                          :
              Defendant.                  :
------------------------------------------------------X
```

**DORA L. IRIZARRY, United States District Judge:**

On April 2, 2015, *pro se* plaintiff Desmond M. Witherspoon ("Plaintiff"), a resident of New Jersey, filed these eleven actions against various defendants pursuant to either the "Consumer Credit Protection Act" or the "Reorganization Act of 1939." (*See generally* Compls. at ¶ II.) In all the actions, Plaintiff seeks a "service agreement." (*See generally* Compls. at ¶ IV.) The actions are consolidated and Plaintiff's requests to proceed *in forma pauperis* ("IFP")

pursuant to 28 U.S.C. § 1915 are granted solely for the purpose of this Order.[1] For the reasons set forth below, the complaints are dismissed, and Plaintiff is ordered to show cause why he should not be enjoined from making any further IFP filings without first obtaining the Court's permission.

## BACKGROUND

Eight of the actions consist of the following statement: "Reorganization of Government Entities," or "Reorganization of organization" *(see generally* Compls. Nos. 15-CV-1880 through 1882 & 15-CV-1885 through 1889 at ¶ III); and three of the actions consist of the following statement: "Credit Fraud" *(see generally* Compls. Nos. 15-CV-1879, 15-CV-1883, & 15-CV-1884 at ¶ III.) Plaintiff provides no other statements from which the Court could infer the basis for each complaint. As to the complaints alleging "credit fraud," Plaintiff provides no facts or dates in support of the claim against these defendants.

On March 25, 2015, Plaintiff filed nine actions pursuant to the Reorganization Act of 1939. By Memorandum and Order dated March 31, 2015 ("March 31 Order"), this Court dismissed all nine actions as frivolous. *See Witherspoon v. Ass'n of Prof'l Recording Svce, et al.*, No. 15-cv-1584 through 1592 (E.D.N.Y. Mar. 31, 2015) (consolidating and dismissing all nine complaints). Moreover, the Court had admonished Plaintiff in that Order that if he continued to file such baseless IFP complaints he would be subject to restrictions on filing any new IFP complaints, including, but not limited to, the imposition of a leave-to-file requirement and monetary sanctions.

---

[1] Plaintiff's IFP applications indicate that he has no income whatsoever. The Court finds it difficult to believe that Plaintiff has no resources of any kind. However, in light of the Court's dismissal of these eleven actions, no further filings from Plaintiff are necessary regarding his income or assets.

4

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Petitioner v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). "In addition to liberally construing *pro se* complaints, a district court should not dismiss a *pro se* complaint without granting the petitioner leave to amend if "'a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Andersen v. Young & Rubicam Adver.,* 487 Fed. Appx. 675, 676 (2d Cir. 2012).

Nevertheless, pursuant to the IFP statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) ("An action is frivolous if it lacks an arguable basis in law and fact – *i.e.*, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

## DISCUSSION

Ordinarily in light of Plaintiff's *pro se* status, the Court would afford Plaintiff an opportunity to amend the complaints to provide a statement of claim that would comply with Rule 8 of the Federal Rules of Civil Procedure. Such leave to amend is not warranted where amendment would be futile, such as where the claim is patently frivolous and the Court lacks subject matter jurisdiction. *See* 28 U.S.C. 1915(e)(2)(B)(i). The Court declines to afford Plaintiff an opportunity to amend the complaints because none of the defendants are located in this district and none of the complaints give any indication that Plaintiff has a valid claim. Instead, as the facts are clearly irrational and wholly incredible, the eleven complaints are dismissed as frivolous. *See* 28 U.S.C. 1915(e)(2)(B)(i).

Furthermore, as noted in the Court's March 31 Order, the Court has uncovered a voluminous history of litigation abuse by Plaintiff. In the District of New Jersey, where Plaintiff resides, he has filed over 300 cases. Recently, both the United States District Court for the District of New Jersey and the United States Court of Appeals for the Third Circuit determined that Plaintiff had abused the IFP process and revoked Plaintiff's "IFP privileges for all future and pending cases in the District of New Jersey" and ordered that "the Clerk of the District Court shall not file a complaint submitted in a civil action filed by Plaintiff unless and until the filing and docketing fees have been paid in full." *See Witherspoon v. Capital One, et al.*, No. 1:14-cv-07548 through 2:15-cv-1680, slip op. (D.N.J. Mar. 10, 2015); *see also In re: Desmond Witherspoon*, C.A. No. 15-8012 (3d Cir. Feb. 20, 2015) (same). The district court's revocation of Plaintiff's IFP applies to any cases "in which Plaintiff signs the complaint. No cases may be opened in which Plaintiff names a corporation as the suing party unless the corporation is represented by an attorney admitted to the bar of this court and the full filing and docketing fees

are paid." *See Witherspoon v. Capital One, et al.*, No. 1:14-cv-07548 through 2:15-cv-1680, slip op. at 5.

In its March 31, 2015 Order, the Court warned Plaintiff that it will not tolerate abusive, vexatious, and frivolous litigation. *See Witherspoon v. Ass'n of Prof'l Recording Svce, et al.*, No. 15-CV-1584 through 1592 (E.D.N.Y. Mar. 31, 2015). "The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard); *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (outlining factors to be considered in imposing filing injunction); *see also Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005); 28 U.S.C. § 1651(a)

Plaintiff cannot circumvent the New Jersey District Court's and Third Circuit Court of Appeals' filing restrictions by commencing litigation in this district that lacks a good faith basis on which to proceed and that does not arise within this district's venue. By filing these eleven cases, Plaintiff shows that he has no intention of heeding the Court's warning against filing frivolous litigation. Already, the Court has expended substantial judicial resources in addressing Plaintiff's frivolous submissions, now totaling twenty cases filed within eight days. Therefore, Plaintiff is ORDERED to show cause why this Court should not impose a filing injunction barring Plaintiff from seeking IFP status to file any new civil action without first obtaining permission from this Court. Plaintiff shall file an affirmation in response to this Memorandum & Order NO LATER THAN May 29, 2015. If Plaintiff fails to file an affirmation or his

7

affirmation fails to provide a valid basis for why the filing injunction should not issue, an order enjoining Plaintiff from filing any new IFP action in this Court shall issue.

## CONCLUSION

For the reasons set forth above, these eleven complaints, filed *in forma pauperis*, are dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff is hereby ORDERED to SHOW CAUSE NO LATER THAN May 29, 2015 why he should not be enjoined from filing any new IFP civil action. The affirmation should be filed in the lead case under Docket Number 15-cv-1879 (DLI). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      April 30, 2015

/s/
DORA L. IRIZARRY
United States District Judge